IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **10-cv-2930-JLK**

**COLORADO CRIMINAL DEFENSE BAR, ET AL.**,

        Plaintiffs,

v.

**JOHN W. SUTHERS, ET AL.,**

        Defendants.

---

ORDER SETTING AGENDA FOR JULY 28, 2011 ORAL ARGUMENT

---

KANE, J.

Anticipating the July 28 date for hearing oral argument on the pending Motions to Dismiss, I urge the parties to consider and come prepared to discuss the following:

    1. <u>Actual controversy</u>.  I am interested in Plaintiffs' response to Defendants' actual controversy/"friendly suit" arguments asserted rather compellingly in Reply.  Congress may not confer jurisdiction on Article III federal courts to render advisory opinions, entertain "friendly" suits, or resolve political questions. *See Sierra Club v. Morton*, 405 U.S. 727 (1972).  Plaintiffs should come prepared to address this question, and persuade me a justiciable controversy exists.

    2. <u>Standing</u>.  Assuming this case presents a justiciable controversy, the question of whether either Plaintiff has a sufficient stake in its outcome to seek a judicial resolution is also in dispute.  Because I am disinclined at this point in my familiarity with Colorado's criminal misdemeanor and motor vehicle safety laws to view Plaintiffs' Complaint as a facial, rather than "as applied," challenge to C.R.S. § 16-7-401(4), the question of standing is of paramount,

threshold, significance. Both article III and prudential concerns abound. Unless otherwise persuaded, my view is that when the Sixth Amendment rights of indigent criminal defendants or traffic offenders are infringed, it is those individuals' ox being gored, not that of their putative lawyers or policy advocates. I want to hear why no individuals have been identified or added as party Plaintiffs. What efforts have been undertaken, if any, to identify them?

3. In the absence of directly aggrieved individuals bringing suit on their own behalf, Plaintiff entities must establish standing to pursue the rights of these individuals. The Criminal Defense Bar, as I understand it, asserts third-party standing to pursue the rights of those who have, and who will be required, to enter into uncounseled plea negotiations under § 16-7-310(4) premised on Bar members' close connection with those past and future uncounseled defendants and the obstacles that exist to those individuals' ability to bring a viable or successful challenge to the statute on their own. The Colorado Criminal Justice Reform Coalition, for its part, asserts standing as an organization whose purpose and mission is thwarted and which must divert resources to address the collateral consequences of the uncounseled convictions unlawfully procured under the statute.

4. <u>Third-Party or "Jus Tertii" Standing</u>. Ordinarily, a litigant "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The rule is not absolute, however, and a third party may assert the rights of nonparties by demonstrating: (1) article III standing (i.e., an injury-in-fact of its own, causally connected to the challenged statute, redressable by a favorable decision); (2) a close relationship to the party whose rights are being asserted; and (3) a significant obstacle that impedes the nonparties' ability to assert their own right. *E.g., Aid for*

*Women v. Foulston*, 441 F.3d 1101 (10th Cir. 2006). On the question of third party standing, Plaintiffs should come prepared to apply/distinguish the following cases: *Aid for Women*; *Kowalski v. Tesmer*, 543 U.S. 125 (2004); *Dep't of Labor v. Triplett*, 494 U.S. 715 (1990); *Nova Health Sys. v. Gandy*, 416 F.3d 1149 (10th Cir. 2005); *Secretary of the State of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947 (1984); *Citizens Concerned for Separation of Church and State v. Denver*, 628 F.2d 1289 (10th Cir. 1980).

I am concerned at the lack of specificity in the factual allegations in the Amended Complaint to support the predicates for third-party standing. Can Plaintiffs identify specific incidents, callers, criminal defendants, or others who, but for the operation of 16-7-301(4), bar members would have been able to represent? I can conceive of both legal and factual obstacles to aggrieved individuals bringing Sixth Amendment challenges to 16-7-301(4) on their own, but want to hear specifics from the parties. Have Plaintiffs attempted to describe or document these obstacles? If Defendants deny such obstacles exist, why and on what factual basis?

My point is that I retain an option in this case to dismiss the Complaint without prejudice, with leave to amend. Were I to do so however, what specific factual allegations could I expect the Criminal Defense Bar to include to firm up their third-party plaintiff bona fides under operative pleading standards.[1] Would amendment be futile under *Twombly* pleading standards?

---

[1] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 540, 570 (2007). That factual matter need not be "detailed," but it must consist of more than "labels and conclusions." *Id.* at 555. A formulaic recitation of the elements of a cause of action "will not do." *Id.* "Plausibility," in turn, means that the non-formulaic or conclusory facts pled must be sufficient "to raise a right to relief above the speculative level." *See id.* The Tenth Circuit has articulated *Twombly*'s plausibility standard thusly: "[T]he mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(applying *Twombly*). Applying this standard to the standing inquiry, Plaintiffs must do more than recite the elements for third-

5. <u>Organizational Standing</u>. An organization has standing to sue on its own behalf if the challenged statute impairs its ability to effect its organizational purpose or mission or causes it to divert resources to counteract the unlawful statute. The Criminal Justice Reform Coalition claims to have experienced a "large uptick" in phone calls related to the effect of uncounseled pleas and otherwise diverting resources from their other activities as a result of C.R.S. 16-7-301(4). I am unconvinced these general, conclusory allegations are sufficient even at the pleading stage to support a plausible inference of organizational standing. Can the Coalition quantify this "uptick"? How are resources expended on fielding such calls outside or a "diversion" of resources from the Coalition's different purpose or mission?

Are there any additional facts Plaintiffs could allege to demonstrate an actual and concrete injury traceable to C.R.S. § 16-7-301(4)? Would further amendment of the Complaint to add factual allegations in support of standing be futile?

6. Even if I were to find that an actual controversy exists that either or both of the named Plaintiff entities have established standing for pleading purposes, what evidence could plaintiffs actually adduce to establish standing as a matter of fact? *See Loving*, *supra*. Is discovery or further briefing on issues related to justiciability/standing necessary?

Dated July 21, 2011.  **s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE

---

party or organizational standing. They must allege actual, non-formulaic facts which, if taken as true, give rise to a plausible inference that they have standing. These elements are an indispensable part of a plaintiff's case, on which he bears the burden of proof. *Loving v. Boren*, 133 F.3d 771, 772 (10th Cir. 1998)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) As a result, Plaintiffs moving forward would have to marshal support for each element of the standing inquiry "with the manner and degree of evidence required at the successive stages of the litigation." *Id*. (citing *Lujan* at 559).